# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.                                               **Case No. 14-CR-186**

**DEANGELO ANDERSON, et al.,**

        **Defendants.**

## ORDER

The grand jury in this district returned an indictment on September 23, 2014 charging Deangelo Anderson with bank robbery (Count One), brandishing a firearm in furtherance of a crime of violence (Count Two), possessing a firearm after having been convicted of a felony (Count Three), possession of crack cocaine with intent to distribute (Count Four), and possessing a firearm in furtherance of a drug trafficking offense (Count Five). (ECF No. 7.) On March 27, 2015, Anderson moved under Fed. R. Crim. P. 8(a) to sever Counts One and Two from Counts Four and Five; Anderson acknowledges that Count Three could be joined with either Counts One and Two or Counts Four and Five. (ECF No. 37 at 2.)

Federal Rule of Criminal Procedure 8(a) states: "The indictment…may charge a defendant in separate counts with 2 or more offenses if the offenses charged…are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." It is frequently stated that the propriety of joinder is determined based upon the face of the indictment rather than the evidence that supports that indictment. *United States v. Berg*, 714 F.3d 490, 495 (7th Cir. 2013) (quoting *United States v. Lanas*, 324 F.3d 894, 899 (7th Cir. 2003) ("[I]n assessing whether joinder was proper, we look solely to the face of the indictment and not to the evidence adduced later at trial."); *United States v. Alexander*, 135 F.3d 470, 475 (7th Cir. 1998) ("In assessing the propriety of joinder under this rule, we look solely to the face of the government's indictment and not to any evidence ultimately presented at the defendant's trial."); *United States v. Coleman*, 22 F.3d 126, 132 (7th Cir. 1994) (citing *United States v. Quintanilla*, 2 F.3d 1469, 1482 (7th Cir. 1993) ("The test of misjoinder is what the indictment charges, not what the proof at trial shows.")); *United States v. Lakin*, 2007 U.S. Dist. LEXIS 80504, 5 (S.D. Ill. Oct. 31, 2007) ("The vast majority of caselaw in this circuit supports the rule that whether offenses can be properly joined under Rule 8(a) is determined solely by what is said in the indictment, not the overlap of evidence that would be used to prove each charge at trial."); *see also United States v. Jackson*, 2011 U.S. Dist. LEXIS 154332, 9-21 (E.D. Wis. Oct. 21, 2011) (discussing joinder under Rule 8(b)).

However, courts also frequently note that "[j]udicial economy and convenience are the chief virtues of joint trials." *Coleman*, 22 F.3d at 132. Thus, Rule 8(a) should be broadly construed to foster these efficiencies. *Berg*, 714 F.3d at 494-95 (citing *United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007)). Whether such efficiencies will be realized often depends upon the extent of evidentiary overlap between the joined charges. *Coleman*, 22 F.3d at 132. "Separate counts that involve much of the same evidence would, if tried separately, engender duplicative efforts at trial. On the other hand, separate counts that for the most part depend on separate evidence save fewer steps when tried together." *Id.* Thus, in reviewing a question of joinder for plain error, the Court of Appeals for the Seventh Circuit concluded that charges related to an attempt to destroy a federal building were properly joined with counterfeiting charges because "[t]he government's theory of the case was that [the defendant's] counterfeiting scheme was conducted to financially support his plan to attack the federal building." *Nettles*, 476 F.3d at 516.

If the court were to look beyond the face of the indictment and to the evidence proffered in the government's response, there would appear to be sufficient overlap in the evidence to justify joining all of the charges as part of the same act or transaction. Specifically, Count One charges Anderson with committing an armed bank robbery of the Guaranty Bank in Brown Deer, Wisconsin on August 12, 2014. (ECF No. 7 at 1.) The robbers fled in a white four-door car with the license plate 408-TNG. (ECF No. 38 at 2.)

The following day, Milwaukee police officers located the vehicle (which had been reported stolen), pursued it, and eventually arrested the sole occupant, Anderson. (ECF No. 38 at 2; *see also* ECF No. 1, ¶ 6 (criminal complaint charging co-defendant).) Found in the vehicle were a firearm that appeared to be the same one used in the bank robbery, a t-shirt with a sleeve removed (bank robbers often use cut-off t-shirt sleeves as masks), mobile phones that were subsequently connected to the robbery, and the 39 packages of crack cocaine that form the basis for Count Four. (ECF No. 38 at 2.)

Given the evidentiary overlap, a joint trial likely would be the most efficient means of trying Anderson on all five counts. However, in light of the weight of authority indicating that the court's analysis must be limited to the face of the indictment, the court concludes that it is not appropriate to consider evidence outside of the indictment in assessing the propriety of joinder. *See Lakin*, 2007 U.S. Dist. LEXIS 80504, 5. Ignoring facts not contained in the indictment, joinder does not appear to be proper on the ground that the offenses are based on the same act or transaction or on the ground that they are connected with or parts of a common scheme or plan.

Specifically, although Count Two was part of the same act as that alleged in Count One, and Count Five was part of the same act alleged in Count Four, there is no common act or transaction underlying the bank robbery offense (Count One) and the drug offense (Count Four). Moreover, only the broadest interpretation of the scheme or plan—one to obtain money through criminal acts—would result in connecting all the

4

charges in the indictment. But such a broad construction could be used to justify joining any number of otherwise completely unconnected charges. *Cf. United States v. Dicosola*, 2014 U.S. Dist. LEXIS 113217, 15-16 (N.D. Ill. Aug. 14, 2014) (concluding that a common motive to alleviate financial hardship was an insufficient basis for joining charges of bank fraud, tax fraud, and bankruptcy fraud); *United States v. Creamer*, 370 F. Supp. 2d 715, 732 (N.D. Ill. 2005) (rejecting argument that bank fraud and tax offenses were part of a common scheme or plan).

The more difficult issue is whether the charges in the indictment may be joined on the ground that they are of the same or similar character. Looking simply at the bank robbery charged in Count One and the drug offense charged in Count Four, no connection between them is evident, despite the fact they are alleged to have been committed just a day apart. *Cf. Coleman*, 22 F.3d at 133 ("Two armored car robberies committed months apart are offenses of same or similar character; possessing five kilograms of cocaine and defrauding a bank, even if they occur on the same day, are not.") The only common thread in the indictment is that, with respect to both counts, a firearm was involved, and consequently Anderson is charged in both Counts Two and Five with violating 18 U.S.C. § 924(c). According to the government, this consanguinity provides the requisite link to tie the robbery and drug offenses together under Rule 8(a).

Notwithstanding Anderson's arguments in reply, the court is persuaded that the government's position is correct, at least with respect to the two iterations of a violation

of 18 U.S.C. § 924(c). A count charging a person with possessing a firearm in furtherance of a crime of violence could be properly joined under Rule 8(a) with a count charging the same person with possessing a firearm in furtherance of a drug trafficking offense as offenses of the same or similar character. Such joinder would be little different than joining together two otherwise unrelated charges on the basis that each alleges a violation of federal drug laws. *See Berg*, 714 F.3d at 495 (holding that offenses that involved drug dealing were of a like class even if factually entirely unrelated to each other).

As a practical matter, violations of 18 U.S.C. § 924(c) are generally charged in conjunction with a related substantive criminal offense, as occurred here. For this reason it is frequently, albeit imprecisely, referred to as a penalty enhancer. *See, e.g., United States v. Mrazek*, 998 F.2d 453, 454 (7th Cir. 1993). In fact, however, it is properly a separate offense. *See, e.g., United States v. Sudduth*, 457 F.2d 1198, 1201-02 (10th Cir. 1972); *United States v. Ramirez*, 482 F.2d 807, 813 (2d Cir. 1973) (citing *United States v. Vigil*, 458 F.2d 385 (10th Cir. 1972); *United States v. Sudduth*, 457 F.2d 1198 (10th Cir. 1972); 114 Cong.Rec. (Part 17 11121) (1968) (Remarks of Representative Poff)). As separate offenses under the same statutory subsection, Counts Two and Five could be tried together. The question before this court is whether the link between Count Two and Count Five is sufficient to bring together into one indictment the otherwise unrelated robbery and drug offenses.

What the indictment here does is effectively create a chain of criminal charges. Count One is linked to Count Two, Count Two is linked to Count Five, and Count Five is linked to Count Four. The charges on either end of this chain, the robbery charge and the drug charge, are unrelated to each other, but the fact that a firearm was used in both in violation of 18 U.S.C. § 924(c) brings the offenses together.

Anderson fails to present any authority to suggest that Rule 8(a) could not be used in this fashion to chain together otherwise unrelated offenses, and there is nothing from the face of Rule 8(a) to suggest that such chaining of charges is improper. In the absence of any such authority, the court must conclude that Anderson has failed in his burden to show that the offenses charged in the indictment were misjoined. *See United States v. Natanel*, 938 F.2d 302, 306 (1st Cir. 1991) ("A defendant challenging such joinder must carry the devoir of persuading the trial court that a misjoinder has taken place."); *see also United States v. Hollnagel*, 2011 U.S. Dist. LEXIS 87320, 19 (N.D. Ill. Aug. 5, 2011) (concluding defendants have not met their burden to show misjoinder under Rule 8(b)). Consequently, the court must deny Anderson's motion to sever under Rule 8(a).

**IT IS THEREFORE ORDERED** that Anderson's motion to sever charges pursuant to Fed. R. Crim. Pro. 8(a) is **denied.**

Dated at Milwaukee, Wisconsin this 29th day of April, 2015.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge