# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

  v.                                         Case No. 14-CR-186

**DEANGELO ANDERSON**
        **Defendant.**

## DECISION AND ORDER

The indictment in this case charges defendant Deangelo Anderson in count one with armed bank robbery; in count two with brandishing a firearm in furtherance of a crime of violence, i.e., the robbery charged in count one; in count three with possessing a firearm as a felon; in count four with possession of crack cocaine with intent to distribute; and in count five with possessing a firearm in furtherance of a drug trafficking offense, i.e., the crack cocaine offense charged in count four.

According to the facts proffered by the government, defendant participated in the robbery of a Guaranty Bank branch on August 12, 2014. During the robbery, three masked actors entered the bank, with one brandishing a 9mm firearm with an extended clip, while a fourth actor remained outside in the getaway car, a white four-door sedan. The robbers obtained cash and coins, then fled in the white sedan. As they drove away from the bank, a dye pack hidden in the stolen money exploded, covering some of the cash in red dye. This incident forms the basis for counts one and two.

The next day, police attempted a traffic stop of the same white sedan, but the driver fled. After a short chase, the driver (defendant) exited the vehicle and attempted to flee on foot but

was captured and taken into custody. Inside the vehicle, police located red dye stains, a 9mm firearm with an extended clip similar to the one used in the August 12 robbery, packages of crack cocaine, and cell phones that police were able to connect via location information to cell towers near the Guaranty Bank at the time of the robbery. Counts three, four, and five are based on the drugs and firearm found in the vehicle on August 13, 2014.

Defendant moved to sever counts one and two from counts four and five, arguing that they were improperly joined under Fed. R. Crim. P. 8(a).[1] The magistrate judge handling pre-trial proceedings in this case denied the motion;[2] defendant objected, but District Judge Randa agreed with the magistrate judge's analysis. The case was subsequently reassigned to me, and I permitted defendant to file a motion for reconsideration on the severance issue. In his motion for reconsideration, defendant argues only that counts one and two are mis-joined with counts four and five. He makes no claim of prejudicial joinder under Fed. Crim. P. 14.

Rule 8(a) allows the joinder of offenses that are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In assessing joinder issues, the court looks only at the face of the indictment and not at the evidence that may be adduced at trial. E.g., United States v. Berg, 714 F.3d 490, 495 (7th Cir. 2013). The Rule is interpreted broadly to allow liberal joinder in order to enhance judicial efficiency. Id. at 494.

---

[1]He agreed that count three could be joined with either the drug charges or the robbery charges.

[2]Defendant also moved to dismiss count two, arguing that armed bank robbery is not a crime of violence under 18 U.S.C. § 924(c)(3). The magistrate judge recommended that this motion be denied. Defendant has not objected, waiving his right to review. See Fed. R. Crim. P. 59(b)(2). For the reasons stated by the magistrate judge, I will deny the motion to dismiss.

2

In the present case, the magistrate judge concluded that the robbery counts and the drug counts are not based on the same act or transaction, nor are they part of a common scheme or plan. He instead relied on the "same or similar character" prong of the Rule.

The Seventh Circuit has held that the government may under this prong join multiple violations of the same statute, see, e.g., United States v. Arrington, 159 F.3d 1069, 1071-72 (7th Cir. 1998) (approving joinder of multiple bank robberies and related § 924(c) counts), even if the crimes are factually unrelated, see, e.g., United States v. Walls, 80 F.3d 238, 243 (7th Cir. 1996) (allowing joinder of two § 922(g)(1) charges, despite four year gap between the two events); United States v. Coleman, 22 F.3d 126, 131-134 (7th Cir. 1994) (allowing joinder of felon-in-possession charges involving discrete, unconnected events). This would suggest that the government could charge multiple, unrelated violations of § 924(c) in the same indictment. The magistrate judge concluded that, because counts two and five could be so joined, there is no reason why the government should not also be able to join the underlying crime of violence and drug trafficking offense. He explained:

> What the indictment here does is effectively create a chain of criminal charges. Count One is linked to Count Two, Count Two is linked to Count Five, and Count Five is linked to Count Four. The charges on either end of this chain, the robbery charge and the drug charge, are unrelated to each other, but the fact that a firearm was used in both in violation of 18 U.S.C. § 924(c) brings the offenses together.

(R. 40 at 7.)

In his motion to reconsider, defendant argues that § 924(c) counts are not the "same" when the underlying offenses are different. However, he cites no authority in support of that argument, and I have found none. Defendant's argument rests on the assumption that § 924(c), because it requires proof of another crime, is different than other statutes. But many

3

statutes build on predicate offenses (whether or not the defendant is or has been convicted of the other crimes). Young v. United States, 124 F.3d 794, 800 (7th Cir. 1997). As the magistrate judge discussed, while § 924(c) requires proof of an underlying crime (and usually functions as a penalty enhancer regarding that underlying crime), it is a separate offense. The government could, if it wanted, charge a violation of § 924(c) standing alone. See United States v. Hill, 971 F.2d 1461, 1464 (10th Cir. 1992); see also Young, 124 F.3d at 800.[3]

Defendant further submits that the bank robbery charge and the drug trafficking charge are not of same or similar character and cannot be rendered so because both crimes were committed while using a firearm. But defendant does not move to sever count one from count four; he moves to sever counts one and two from counts four and five. Defendant fails to show that counts two and five may not be joined under Rule 8(a). And severing count one from count four would serve no purpose, as the government would in the course of proving up the two § 924(c) charges (counts two and five) present evidence of the underlying robbery (count one) and drug trafficking offense (count four). Severance would thus fail to eliminate any possible prejudice, as evidence regarding severed counts one and four would come in anyway, and at the cost of judicial efficiency.[4]

---

[3]In previous filings, defendant posited examples of § 924(c) counts based on wildly disparate underlying crimes. A court could in that situation sever under Rule 14 to avoid prejudice. As indicated above, defendant makes no argument based on Rule 14.

[4]Some have questioned the manner in which courts typically construe the "same or similar character" prong of Rule 8(a). This is the broadest of the possible bases for joinder, but, contradictorily, the one least likely to serve the purposes of joinder – judicial economy and convenience. See, e.g., United States v. Kaquatosh, 227 F. Supp. 2d 1045, 1047 (E.D. Wis. 2002) (collecting cases). Offenses arising out of the same act or a common scheme will involve overlapping evidence and if tried together would eliminate duplicative efforts. However, the joint trial of offenses similar in type but sharing no common evidence will save little time and effort. Id. Some have suggested that offenses should be joined only to the extent that

4

**THEREFORE, IT IS ORDERED** that defendant's motion for reconsideration (R. 72) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (R. 61) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

evidence of one would be admissible at a separate trial on the other, for instance under Fed. R. Evid. 404(b). See id. at 1048 (collecting sources). If evidence of the other offense would be admissible regardless of whether the offenses were formally joined, the purposes of joinder (efficiency and economy) would be served without any increased danger of unfair prejudice. Id. The Seventh Circuit, while at times discussing evidentiary overlap, has not adopted such a limitation on Rule 8(a). It is also worth noting that the Seventh Circuit has approved of joinder where a common count links together two other groups of counts. See United States v. Koen, 982 F.2d 1101, 1111 (7th Cir. 1992). In Koen, the defendant embezzled from his company, committed an arson of his building to cover up the theft, then engaged in insurance fraud to collect on his coverage of the building. While embezzlement and insurance fraud may not appear to be similar offenses, the court found that the arson count acted as a "fulcrum" because it served to cover up the previous theft and, at the same time, enabled the defendant to profit from the insurance coverage on the building. Id. The court further found the temporal and evidentiary overlap of the charges made joinder especially justifiable. Id. Koen lends some support to the magistrate's judge's "chain of charges" theory; it also supports the argument previously made by the government that the counts could be joined under a "short-period-of-time/evidence overlap" formula.

5