# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.                                                    Case No. 14-CR-186

**DEANGELO ANDERSON**
    **Defendant.**

## MEMORANDUM

A jury convicted defendant Deangelo Anderson of felon in possession of a firearm (count three), contrary to 18 U.S.C. § 922(g)(1); possession of crack cocaine with intent to distribute (count four), contrary to 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking offense (count five), contrary to 18 U.S.C. § 924(c)(1)(A)(i). I sentenced defendant to 36 months' imprisonment on counts three and four, running concurrently, and 60 months on count five, running consecutively, for a total of 96 months.

Defendant appealed, and while the appeal was pending the United States Supreme Court decided Dean v. United States, 137 S. Ct. 1170 (2017), holding that sentencing courts may consider the mandatory minimum term required by § 924(c) when choosing the appropriate sentence for the predicate offenses. Dean abrogated Seventh Circuit case-law forbidding such consideration. See, e.g., United States v. Ikegwuonu, 826 F.3d 408 (7th Cir. 2016); United States v. Roberson, 474 F.3d 432 (7th Cir. 2007).

The Seventh Circuit affirmed defendant's convictions but ordered a limited remand of the sentence, see United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), so that I could determine whether I would have imposed the same sentence, knowing that I can consider the

mandatory sentence in light of Dean. Consistent with Paladino, I permitted the parties to file memoranda and now place on the record a decision not to re-sentence.

As I explained at sentencing, defendant committed serious crimes. The police attempted to pull him over, but he took off at high speed, eventually jumping out of his moving car and fleeing on foot, with the car continuing forward until it hit a tree. After apprehending defendant, the officers checked the car, locating a plastic baggie containing 39 individually wrapped corner cuts of crack cocaine and a loaded 9mm pistol with an extended magazine. I also noted defendant's substantial prior record, including a juvenile adjudication for second degree sexual assault of a child and adult convictions for resisting/obstructing in 2010; marijuana possession in 2011; felon in possession of a firearm in June 2012, for which he initially received probation but was revoked with a 3 year confinement term activated after his arrest in this case;[1] bail jumping in October 2012, for which he was sentenced to 18 months initial confinement followed by 3 years extended supervision; and resisting/obstructing in 2014.

I concluded that a substantial prison sentence was needed to reflect the seriousness of the offenses, which involved the dangerous combination of drugs and guns, and to account for the danger created by defendant's reckless flight; to protect the public from further such offenses; and to deter defendant from further involvement with guns and drugs. Defendant's poor record on supervision also suggested that confinement was needed to protect the public, as he failed to comply with the rules while in the community.

Defendant recommended a time served disposition (24 months) on counts three and four, followed by the mandatory 60 month term required by count five. He criticized the

---

[1] At the time of sentencing in this case, defendant had served about 2 years towards the 3 year term imposed by the state court.

government's decision to charge a § 924(c) count in relation to the drugs and asked me to consider the guideline sentence absent that charge. I noted that this argument was "in some tension" with Roberson and Ikegwuonu. I nevertheless considered the defense recommendation, finding it insufficient given the seriousness of the offenses and the danger they posed, particularly during the flight, and defendant's inability to stay out of trouble in the community. In other words, I did not reject the defense recommendation because I felt bound by Roberson but rather because that recommendation failed to satisfy the purposes of 18 U.S.C. § 3553(a)(2).

I went on to consider the government's recommendation of a total sentence of 170 months, finding it greater than necessary given the small amount of crack cocaine involved in this case, the inordinate weight placed by the guidelines on two of defendant's prior convictions, the length of his prior sentences, and defendant's family support and employment. Under all the circumstances, I found a sentence of 36 months on counts three and four, running concurrently with each other and with the balance of the state revocation sentence, followed by 60 months consecutive on count five, sufficient but not greater than necessary to satisfy the purposes of sentencing.

Having reviewed the matter again in light of Dean, and after considering the parties' memoranda, I conclude that I would have imposed the same sentence. The clerk shall transmit this memorandum to the court of appeals.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge